| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS | |
| Case number *(if known)* _____ Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Kalera, Inc.** |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **DBA  Kalera (Florida) Inc.** **DBA  Kalera (Texas) Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-3397838** |
| 4. | Debtor's address | **Principal place of business** **Gateway Business Center 23** **18000 East 40th Avenue** **Aurora, CO 80011** Number, Street, City, State & ZIP Code  **Arapahoe** County | **Mailing address, if different from principal place of business** P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business** **7159 Rankin Road Humble, TX 77396** Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.kalera.com** |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ |

Debtor **Kalera, Inc.** _____   Case number (*if known*)_____
       Name

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

   ☐ Railroad (as defined in 11 U.S.C. § 101(44))

   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)

   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __**1114**__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7

   ☐ Chapter 9

   ■ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ■ No.
   ☐ Yes.

   | | | | | | |
   |---|---|---|---|---|---|
   | District | _____ | When | _____ | Case number | _____ |
   | District | _____ | When | _____ | Case number | _____ |

| Debtor | Kalera, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | | When | |
| | | Case number, if known | |

**11. Why is the case filed in *this district*?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
■ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

■ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**  Houston, TX; Denver, CO; and Orlando, FL
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
■ Yes.  Insurance agency  **Marsh Mclennan Agency**
Contact name  **Amy Klitzke**
Phone  **763-746-8632**

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

☐ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

Debtor  **Kalera, Inc.**  Case number (*if known*)
　　　　Name

☐ $50,001 - $100,000　　　　■ $10,000,001 - $50 million　　　　☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000　　　　☐ $50,000,001 - $100 million　　　 ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million　　　　☐ $100,000,001 - $500 million　　 ☐ More than $50 billion

| Debtor | Kalera, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **April 4, 2023**
MM / DD / YYYY

**X /s/ Mark Shapiro**
Signature of authorized representative of debtor

**Mark Shapiro**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

**X /s/ Elizabeth A. Green - So. Dist. Fed ID 903144**
Signature of attorney for debtor

Date **April 4, 2023**
MM / DD / YYYY

**Elizabeth A. Green - So. Dist. Fed ID 903144**
Printed name

**Baker & Hostetler LLP**
Firm name

**200 S. Orange Avenue**
**Suite 2300**
**Orlando, FL 32801**
Number, Street, City, State & ZIP Code

Contact phone **407-540-7920**   Email address **egreen@bakerlaw.com**

**#903144 TX**
Bar number and State

# United States Bankruptcy Court
## Southern District of Texas

In re  **Kalera, Inc.**
Debtor(s)

Case No.
Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Kalera S.A.<br>15 Boulevard F-d<br>Roosevelt Lumembourg<br>2450 Luxembourg | | 100% | Common Stock |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **April 4, 2023**

Signature  **/s/ Mark Shapiro**
**Mark Shapiro**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Southern District of Texas

In re __Kalera, Inc.__  
Debtor(s)

Case No. _____  
Chapter __11__

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Kalera Inc.__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Kalera PLC (indirect ownership)**  
**10 Earlsfort Terrace**  
**Dublin 2**  
**D DO2 T380 Ireland**

**Kalera S.A.**  
**15 Boulevard F-d**  
**Roosevelt Lumembourg**  
**2450 Luxembourg**

☐ None [*Check if applicable*]

__April 4, 2023__  
Date

/s/ Elizabeth A. Green  
**Elizabeth A. Green - So. Dist. Fed ID 903144**  
Signature of Attorney or Litigant  
Counsel for __Kalera Inc.__  
**Baker & Hostetler LLP**  
**200 S. Orange Avenue**  
**Suite 2300**  
**Orlando, FL 32801**  
**407-540-7920 Fax:407-841-0168**  
**egreen@bakerlaw.com**

Fill in this information to identify the case:

Debtor name: **Kalera, Inc.**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number (if known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Aaron's Electrical Services<br>PO Box 156<br>Tavares, FL 32778 | Caleb Aaron Talley<br>calebt@aaronselectrical.com<br>352-602-5565 | Vendor | | | | $116,632.35 |
| AFCO Premium Credit LLC<br>PO Box 371889<br>Pittsburgh, PA 15250-7889 | Simone Lassere<br>877-701-1212<br>customerservice@afco.com | Vendor | | | | $255,046.44 |
| BBI Logistics<br>80 E Rich Street<br>Columbus, OH 43216 | Joseph Anderson<br>800-809-2172 X569<br>janderson@bbilogistics.com | Vendor | | | | $197,991.35 |
| Bluedog Design, LLC<br>403 N. Carpenter St.<br>Chicago, IL 60642 | Katie Chambers<br>773-991-2177<br>Katie@bluedogdesign.com | Vendor | | | | $85,000.00 |
| Choptank Transport<br>3601 Choptank Rd.<br>PO Box 99<br>Preston, MD 21655 | Christina Stump<br>410-673-1683<br>Christina.stump@choptanktransport.com | Vendor | | | | $112,881.85 |
| FTI Consulting<br>1201 West Peachtree St<br>Atlanta, GA 30309-0000 | Joseph DeSantis, Jr.<br>404-460-6200 | Professional Services | | | | $252,781.54 |
| Grant Thornton LLP<br>200 S. Orange Ave. Ste. 2050<br>Orlando, FL 32801 | Todd Piacentine<br>407-481-5100<br>Todd.Piacentine@us.gt.com | Professional Services | | | | $345,622.00 |

Debtor  **Kalera, Inc.**                                    Case number *(if known)*
_____Name_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| Greenberg Traurig<br>450 S. Orange Ave.<br>Suite 650<br>Orlando, FL 32801 | Cindy Helton<br>407-254-2627<br>heltonc@gtlaw.coc | Professional Services | | | | $273,491.04 |
| Heidrick & Struggles<br>233 South Wacker Drive<br>STE 4900<br>Chicago, IL 60606 | Catlin Phillips<br>312-496-1773<br>caphillips@heidrick.com | Professional Services | | | | $143,637.42 |
| House of Plastics Unlimited Inc.<br>2580 S Orange Blossom Trail<br>Orlando, FL 32805 | Alice Quinones<br>407-843-3290<br>aquinones@hopu.cco | Vendor | | | | $352,053.86 |
| HPNow ApS<br>Sydmarken 32 F, 2860<br>Soeborg, Denmark | Cord Nunez<br>+45 42 65 84 07<br>cord@hpnow.eu | Vendor | | | | $121,900.00 |
| Lacey Industrial II LLC(Seattle)<br>6811 S 204th St. #390<br>Kent, WA 98032 | Lucy Rickard<br>206-438-4349<br>lrickard@idrealestate.com | Landlord | | | | $121,949.78 |
| Lambert<br>47 Commerce Ave SW<br>Grand Rapids, MI 49503 | Tim Northrup<br>616-233-0500<br>tnorthrup@lambert.com | Vendor | | | | $323,822.63 |
| Multivac<br>11021 N Pomona Ave<br>Kansas City, MO 64153 | Cem Yildirim<br>816-665-2823<br>Cem.yildirim@multmult.com | Vendor | | | | $162,350.36 |
| Negotiatus/Order.com<br>156 Fifth Ave.<br>7th Floor<br>New York, NY 10010 | support@order.com | Vendor | | | | $156,178.33 |

Debtor **Kalera, Inc.**  Case number *(if known)*
      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| NIP Group, Inc. Lockbox 10313 P.O. Box 70280 Philadelphia, PA 19176-0280 | 800-446-7674 info@nipgroup.com | Vendor | | | | $146,219.94 |
| Oslo Bors/ EuroNext/Danske Bank Box 460 Sentrum 0105 Oslo Norway | +47.22.34.18.60 listingoslo@euronext.com | Professional Services | | | | $98,079.26 |
| Preferred Cabling Systems, LLC/PCS 4095 Southern Blvd, #208 West Palm Beach, FL 33406 | Gary Nugent 561-402-6838 garyn@preferredcabling.com | Services | | | | $91,080.00 |
| Proseal America 7611 Whitepine Road Richmond, VA 23237 | Abby Barron 804-447-9038 Abby.Barron@JBTC.com | Equipment Lease | | | | $81,081.60 |
| Rijk Zwaan USA Inc. 701 La Guardia Street, Suite A Salinas, CA 93905 | Reshel Barker 831-455-3000 r.barker@rijkzwaan.com | Vendor | | | | $94,407.10 |
| Scotlynn USA Division 9597 Gulf Research Lane Ft. Myers, FL 33912 | Josh Prues 800-263-9117 x2301 jprues@scotlynn.com | Vendor | | | | $163,017.81 |
| SmashBrand LLC 3100 N. Lakeharbor Lane Ste. 164 Boise, ID 83703 | Kevin Smith 877-429-4812 kevin@smashbrand.com | Vendor | | | | $118,919.54 |

| Debtor | Kalera, Inc. | | | Case number (if known) | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Steven Douglas<br>13450 W Sunrise Blvd.<br>Suite 200<br>Sunrise, FL 33323 | Tammy L. Davis<br>813-596-5795<br>TDavis@stevendouglas.com | Professional Services | | | | $104,846.86 |
| Tom Barrow Co.<br>732 Joseph E Lowery Blvd NW<br>Atlanta, GA 30318 | Robin Friley<br>404-605-8243<br>rfiley@tombarrow.com | Vendor | | | | $437,715.94 |
| TripActions<br>3045 Park Blvd<br>Palto Alto, CA 94306 | Julie Nguyen<br>jnguyen@tripactions.com | Vendor | | | | $85,000.00 |
| Turatti North America, Inc.<br>PO Box 1848<br>Salinas, CA 93902 | Alessandro Turatti<br>831-800-3922<br>alessandro.turatti@turatti.com | Vendor | | | | $759,766.00 |
| Viscon Group NA Ltd.<br>1587B County Rd 34<br>PO Box 59<br>Ruthven,ON<br>N0P 2G0 | Jolene Braun<br>226-936-1519<br>j.braun@viscon.eu | Vendor | | | | $108,855.90 |
| WPC IV, LLC/Winter Park Construction<br>529 E. Crown Point Rd.<br>Ste. 140<br>Ocoee, FL 34761 | Daniel Sacks<br>dsacks@wpc.com<br>407-924-4617 | Vendor | | | | $1,666,533.42 |
| Xcel Energy<br>PO Box 8<br>Eau Claire, WI 54702-0008 | 800-481-4700 | Utility | | | | $93,791.39 |
| Yamato Corporation<br>1272 Dakota Dr.<br>Grafton, WI 53024 | Ikumi Beacham<br>262-236-0000<br>ikumi_beacham@yamatocorp.com | Vendor | | | | $293,841.00 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Kalera, Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April  4, 2023**          X **/s/ Mark Shapiro**
                                              Signature of individual signing on behalf of debtor

                                              **Mark Shapiro**
                                              Printed name

                                              **Chief Restructuring Officer**
                                              Position or relationship to debtor

**KALERA, INC.**
**(a Delaware corporation)**

**ACTION BY WRITTEN CONSENT**
**OF THE SOLE DIRECTOR OF**
**KALERA, INC.**

The undersigned, being the sole director (the "Director") on the Board of Directors (the "Board") of Kalera, Inc. (the "Company"), a Delaware corporation, pursuant to Section 141(f) of the Delaware General Corporation Law, hereby consents to, authorizes and adopts the following resolutions, which shall be deemed to be effective as of the date set forth below:

**WHEREAS**, the Director has considered, among other things, the financial and operational condition of the Company, the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, the liquidity situation of the Company, the strategic alternatives available to the Company to address the fiscal condition of the Company, the effect of the foregoing on the Company's business, and the advice of management and the Company's legal and financial advisors;

**WHEREAS**, the Director has had the opportunity to consult with the management and legal and financial advisors of the Company and to fully consider each of the strategic alternatives available to the Company and, based on its analysis and available information, deems it advisable and in the best interests of the Company, its creditors and other parties in interest, that the Company file a voluntary petition for relief (the "Chapter 11 Case" and, together with any chapter 11 cases of the Company's affiliate(s), the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code");

**WHEREAS**, in connection with the Chapter 11 Cases, the Director deems it advisable and in the best interests of the Company, its creditors and other parties in interest, that the Company appoint an additional director to the Board (the "Independent Director") and such Independent Director be vested with the authority to provide any approvals and issue any resolutions or written consents on behalf of the entire Board and Company, without further consultation with the other Director(s), required in relation to the Chapter 11 Cases and any related proceedings, whether prior to or following the commencement of the Chapter 11 Cases, and furthermore, that Curtis McWilliams, being found duly qualified and disinterested to act as the Independent Director, shall be appointed as a member to the Board and appointed to serve as the Independent Director for the Company and, in such capacity, vested with such duties and authority as may be necessary to effectuate the intent and purpose of the Independent Director and these resolutions;

**WHEREAS**, in connection with the Chapter 11 Cases, each Director and Independent Director deem it advisable and in the best interests of the Company to establish and create the office of the chief restructuring officer of the Company (the "Chief Restructuring Officer"), which shall be vested with the authority and shall be responsible for, among other things (collectively, the "CRO Duties"): (i) consulting on all aspects of the Company's business activities and operations, including budgeting, cash management and financial management; (ii) opening and closing bank accounts; (iii) assisting with communications and negotiations with the Company's lenders, vendors and other stakeholders; (iv) reviewing daily operating activity, purchases, and

expenses; (v) evaluating liquidity options including restructuring, refinancing, reorganizing, or a sale of the Company's assets; (vi) causing the Company to exercise its rights under certain agreements; (vii) reviewing historical and projected financial information, including operating results, capital structure and funding mechanics, for the Company and each of its affiliates; (viii) working with the Company to develop financial projections and a liquidity projection model to help assess capital needs; (ix) identifying and assessing potential restructuring alternatives; (x) attending hearings and providing information and analyses for inclusion in court filings and testimony related thereto; (xi) providing in-court testimony as representative of the Company, as may be required; (xii) supporting negotiations with the creditors and other constituents in the Chapter 11 Cases; (xiii) negotiating the terms of debtor in possession financing; (xiv) supervising the preparation of monthly financial reports, as required of a debtor in possession, and other financial reporting as may be required or requested by the Office of the United States Trustee; (xv) assisting the Company with the preparation of any schedules, statements, debtor in possession financing budgets and other documents as may be required or prudent in the Chapter 11 Cases; (xvi) assisting the Company in preparing, maintaining and monitoring cash flow projections and weekly variance analyses; (xvii) assisting the Company pursue a sale or other transaction through the Chapter 11 Cases, (a) working with the Company and its professionals to maximize the value of the Company's assets, (b) developing a plan for the marketing and sale of the assets of and/or to reorganize the Company, (c) providing financial advice and assistance to the Company in connection with a sale or other transaction, and (d) facilitating and conducting any auctions or other competitive bidding in connection with the sale of the assets of the Company; (xviii) pursuing litigation and claims the Company may have against other parties; (xix) negotiating, proposing and executing a plan of reorganization or liquidation as is appropriate in the Chapter 11 Cases, subject to approval by the Bankruptcy Court (defined below); (xx) approving and executing any pleading or other papers and documents appropriate in the Chapter 11 Cases to be filed with the Bankruptcy Court or otherwise; and (xxi) serving as the "Responsible Party" for all corporate decisions arising in or associated with the Chapter 11 Cases, subject to consultation with the Independent Director;

**WHEREAS**, the Director and Independent Director have considered individuals and firms deemed suitable to serve as Chief Restructuring Officer for the Company and competently perform the CRO Duties, and serve as authorized delegate of the Director and Independent Director in connection with the Chapter 11 Cases, and based on the Director's and Independent Director's evaluation of potential candidates for Chief Restructuring Office and their respective qualifications, capabilities, and experience, deem Mark Shapiro, Senior Managing Director of GlassRatner Advisory & Capital Group, LLC dba B. Riley Advisory Services ("B. Riley"), qualified and competent to serve as Chief Restructuring Officer; and

**WHEREAS**, the Director and Independent Director have evaluated the financial condition of the Company and projected costs and expenses of maintaining operations and preserving assets of the Company and funding restructuring and/or liquidation costs through conclusion of the Chapter 11 Cases, and based thereon, have concluded that the Company may require additional funding or financing to cover anticipated costs and expenses ("DIP Financing") and, furthermore, that such funding may be unavailable without granting the lender(s) certain favorable terms, including first-priority priming liens on assets of the Company, superpriority administrative claims in the Chapter 11 Cases, and milestones for the completion of sale processes or other aspects of the Chapter 11 Cases;

**NOW, THEREFORE, BE IT RESOLVED**, that effective immediately, the number of directors constituting the Board shall be increased from one (1) to two (2) members;

**FURTHER RESOLVED**, that the Director appoints Curtis McWilliams as the second member of the Board and, in addition to acting as a member of the Board in all ordinary respect, designates Curtis McWilliams to act as the Independent Director for the Company; and it is

**FURTHER RESOLVED**, that the Independent Director is vested with all duties and authorities of the Independent Director enumerated herein and any further or additional duties and obligations as may be necessary or appropriate to carry out or exercise such duties and authorities or effectuate the purposes and intent of these resolutions; and it is

**FURTHER RESOLVED**, that the Directors and Independent Director hereby ratify and approve the creation of the office of the Chief Restructuring Officer for the Company; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer shall be, and hereby is, authorized to act as the authorized representative of the Company, including, without limitation, executing any and all documents and authorizing any acts he or she deems reasonable, advisable, expedient, convenient, proper or necessary to the efficient and expedient commencement and administration of and/or exit from the Chapter 11 Cases, in the Chapter 11 Cases and any proceedings and transactions arising in or related to the Chapter 11 Cases, or the reorganization or liquidation of the Company by and through the Chapter 11 Cases, and otherwise to perform any of the CRO Duties or other duties or actions reasonably necessary to represent the Company in association with the Chapter 11 Cases and any proceedings or transactions arising in or related to the Chapter 11 Cases, provided that the Chief Restructuring Officer shall consult when appropriate with the Independent Director on all of foregoing matters; and it is

**FURTHER RESOLVED**, that the Independent Director shall be, and hereby is, authorized to cause the Company to retain Mark Shapiro of B. Riley as Chief Restructuring Officer and to take any and all actions necessary or required under the terms of the B. Riley engagement agreement, including, without limitation, the payment and replenishment of any retainers and provision of insurance coverage; and it is

**FURTHER RESOLVED**, that, in the judgment of the Director and Independent Director, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Petition") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, or such other court as the Chief Restructuring Officer, in consultation with the Independent Director, shall determine to be appropriate (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law, and the Chief Restructuring Officer, in consultation with the Independent Director, is authorized to perform any and all acts reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer shall be, and hereby is, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions the Chief Restructuring

Officer deems necessary or proper to obtain such relief, including, without limitation, any actions necessary to maintain the ordinary course operation of the Company's business; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer shall be, and hereby is, authorized and directed, on behalf of the Company, to retain and employ the law firm of Baker & Hostetler LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties as debtor in possession under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, interests and obligations, including, without limitation, commencing the Chapter 11 Cases, filing any motions, objections, replies, applications or pleadings, and commencing, prosecuting and resolving any claims or causes of action arising out of, related to or in connection with the Chapter 11 Cases and/or resolution of any issues or liabilities or exercise of any rights of the Company in the Chapter 11 Cases or any related proceedings; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, in consultation with the Independent Director, shall be, and hereby is, authorized and directed to execute and deliver on behalf of the Company any and all appropriate engagement or retention agreements for Baker & Hostetler LLP, to pay any appropriate retainers due thereunder, and to cause to be filed in the Chapter 11 Cases an appropriate application for authority to retain the services of Baker & Hostetler LLP as general bankruptcy counsel in the Chapter 11 Cases; and it is

**FURTHER RESOLVED**, that the Independent Director shall be, and hereby is authorized and directed, on behalf of the Company, to retain and employ B. Riley as restructuring and financial advisor to represent and assist the Company and Chief Restructuring Officer in carrying out their respective duties and obligations under the Bankruptcy Code and any associated engagement agreement(s), and to take any and all actions to advance the Company's rights, interests and obligations; and it is

**FURTHER RESOLVED**, that the Independent Director, without consultation with the Chief Restructuring Officer, shall be, and hereby is, authorized and directed to execute and deliver on behalf of the Company any and all appropriate engagement or retention agreements for B. Riley, to pay any appropriate retainers due thereunder, and to cause to be filed in the Chapter 11 Cases an appropriate application for authority to retain the services of B. Riley as restructuring and financial advisor and, to the extent necessary or advisable, Chief Restructuring Officer in the Chapter 11 Cases; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer shall be, and hereby is authorized and directed, on behalf of the Company, to retain and employ BMC Group, Inc. as notice and claims agent to represent and assist the Company and Chief Restructuring Officer in carrying out their respective duties and obligations under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, interests and obligations or as may be deemed by the Chief Restructuring Officer to be reasonable, advisable, expedient, convenient, proper or necessary to the efficient and expedient administration of the Chapter 11 Cases or any related proceedings; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, in consultation with the Independent Director, shall be, and hereby is, authorized and directed to execute and deliver on

behalf of the Company any and all appropriate engagement or retention agreements for BMC Group, Inc., to pay any appropriate retainers due thereunder, and to cause to be filed in the Chapter 11 Cases an appropriate application for authority to retain the services of BMC Group, Inc. as noticing and claims agent in the Chapter 11 Cases; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, in consultation with the Independent Director, and without further resolution or authorization from the Board, shall be, and hereby is, authorized to retain or employ any other professionals or advisors deemed by the Chief Restructuring Officer to be reasonable, advisable, expedient, convenient, proper or necessary to the efficient and expedient administration of the Chapter 11 Cases or any related proceedings, including, without limitation, investment bankers, accountants, special counsel, or local counsel, provided, however, that the Chief Restructuring Officer shall not retain or employ any professionals or advisors with B. Riley or any affiliate of B. Riley without express written authorization from the Independent Director; and it is

**FURTHER RESOLVED**, that the Chief Restructuring Officer, in consultation with the Independent Director, shall be, and hereby is, authorized and directed to negotiate and obtain proposals for DIP Financing that the Chief Restructuring Officer deems to be reasonable, advisable, expedient, convenient, proper or necessary under the circumstances presented; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken or to be taken by the Company, Director, Independent Director and/or Chief Restructuring Officer in connection with the implementation of these resolutions, including any actions taken prior to the adoption of these resolutions, in all respects are hereby ratified, confirmed and approved in their entirety; and it is

**FURTHER RESOLVED**, that the Independent Director and Chief Restructuring Officer, shall be, and each hereby are, authorized to take or cause to be taken any and all such further actions, to execute and deliver any and all such further agreements, instruments, documents, and certificates, and to pay all expenses on behalf of the Company, as the Independent Director or Chief Restructuring Officer deem necessary or advisable to effect the purpose and intent of the resolutions hereby adopted, the taking of such actions, the execution and delivery of such agreements, instruments, documents, and certificates by the Independent Director or Chief Restructuring Officer to be conclusive evidence of his or her authorization hereunder and approval thereof; and it is

**FURTHER RESOLVED**, the Independent Director and Chief Restructuring Officer, shall be, and each hereby are, authorized and directed to execute and file with the appropriate governmental agencies of any jurisdiction they deem appropriate such documents as may be necessary or appropriate under the laws of any applicable jurisdiction; and it is

**FURTHER RESOLVED**, that any and all such actions heretofore taken and any and all documents, agreements, instruments, certificates, or instructions (however characterized or described) heretofore executed and delivered or filed and recorded, as the case may be, by the Independent Director or Chief Restructuring Officer on behalf of the Company, in order to carry into effect the purpose and intent of these resolutions or the actions or transactions contemplated herein or hereby are ratified, adopted, approved, and confirmed in all respects; and it is

**FINALLY RESOLVED**, the Independent Director and Chief Restructuring Officer, shall be, and each hereby are, authorized and directed to take any and all actions, and to do all acts and things whatsoever, including incur any expenses, which may be necessary, advisable, appropriate, or proper to carry out and effectuate the purpose and intent of these resolutions.

**IN WITNESS WHEREOF**, the undersigned has executed this Action by Written Consent of the Sole Director of Kalera, Inc. as of and effective on March 31, 2023.

_____
Cristian Toma, DIRECTOR