United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 07, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **KALERA, INC.,**[1] | **CASE NO.: 23-90290 (DRJ)** |
| Debtor. | |

(Docket No. 117)

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
## AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Kalera Inc., as debtor and debtor in possession in the above-captioned case (the "**Debtor**"), for entry of an order authorizing the Debtor to establish Compensation Procedures for professionals whose services are authorized by this Court pursuant to Sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), as more fully set forth in the Motion; and this Court having reviewed the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Retained Professionals, and members of any statutory

---

[1] The last four digits of the Debtor's federal tax identification number is 7838. The Debtor's mailing address is Kalera, Inc., Gateway Business Center 23, 18000 East 40th Avenue, Aurora, CO 80011.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

committee may seek interim compensation and/or reimbursement of expenses in accordance with the following Compensation Procedures:

>   (i)   On or after the 21st day of each month following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation may file a notice with the Court and send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "**Monthly Statement**"), by email or hand delivery, to the following parties (collectively, the "**Fee Notice Parties**"):

(a) The Debtor: Kalera, Inc., Gateway Business Center 23, 18000 East 4th Avenue, Aurora, CO 80011 (Attn.: Mark Shapiro, mshapiro@brileyfin.com);

(b) Counsel to the Debtor: Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, FL 32801 (Attn.: Elizabeth A. Green, egreen@bakerlaw.com; Jimmy Parrish, jparrish@bakerlaw.com; and Jorian Rose, jrose@bakerlaw.com);

(c) The Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (Attn.: Andrew Jimenez, Andrew.Jimenez@usdoj.gov; and Jayson B. Ruff, jayson.b.ruff@usdoj.gov);

(d) Proposed counsel to the Committee: Dykema Gossett PLLC, 5 Houston Center, 1401 McKinney Street, Suite 1625, Houston, Texas 77010 (Attn.: Basil A. Umari, BUmari@dykema.com);

(e) Counsel to the DIP Agent, Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, Texas 75201 (Attn: David W. Parham, david.parham@akerman.com; R. Adam Swick, adam.swick@akerman.com; and Laura M. Taveras, laura.taveras@akerman.com).

>   (ii)   Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtor is authorized and directed to pay the Retained Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (iii) below.
>
>   (iii)   If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "**Notice of Objection to Monthly Statement**") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 80% of the

agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "**Objection**") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "**Disputed Amount**"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(iv)  Each Retained Professional may submit its first Monthly Statement following entry of this Order. The first Monthly Statement shall be for the period from the Petition Date through April 30, 2023, which shall be filed as soon as reasonably possible following entry of an order granting this Motion. Thereafter, the Retained Professionals may submit Monthly Fee Statements in the manner described above. Any Retained Professional that fails to file a Monthly Fee Statement for a particular month may subsequently submit a consolidated Monthly Fee statement that includes a request for compensation earned or expenses incurred during the previous months. A Retained Professional's failure to file a Monthly Fee Statement shall not prejudice such Retained Professional's right to request compensation earned or expenses incurred under an Interim Fee Application or Final Fee Application.

(v)  Beginning with the period ending June 30, 2023, and at three month intervals thereafter (each, an "**Interim Fee Period**"), on or before the 21st day following the respective Interim Fee Period, each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such period and prepared in accordance with the Compensation Procedures. Interim Fee Applications shall be filed no later than 30 days after the end of the subject Interim Fee Period. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including June 30, 2023. Each Retained Professional shall serve notice of its Interim Fee Application (which identifies the Retained Professional seeking compensation and reimbursement of expenses being sought and a description of the amount of compensation and expenses sought) on the Fee Notice Parties and all parties that have entered an appearance pursuant to Bankruptcy Rule 2002. The Fee Notice Parties and other parties-in-interest will have 21 days after service,

which service may be by email, of an Interim Fee Application or notice thereof, as applicable, to object to the Interim Fee Application. Notwithstanding anything to the contrary in the Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a Chapter 11 plan filed in this Chapter 11 Case and confirmed by the Court. Each Interim Fee Application must include (i) a narrative discussion, (ii) a summary of the Monthly Fee Statements that are the subject of such application request, (iii) the amount of fees and expenses paid of date or subject to objection, and (iv) the deadline for parties other than the Notice Parties to file objections.

(vi) The Debtor will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

(vii) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

3. Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Statement nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the Final Fee Applications. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

4. In each Interim Fee Application and the Final Fee Application all attorneys who have been or are hereafter retained pursuant to Sections 327 or 1103 of the Bankruptcy Code shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other

applicable procedures and orders of the Court, both in connection with any Interim Fee Application and Final Fee Application to be filed by such professionals in this Chapter 11 Case.

5. The Retained Professionals shall only serve the Monthly Statements, the Interim Fee Applications, and the Final Fee Applications on the Fee Notice Parties and shall provide notice of the hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in this Chapter 11 Case.

6. A Retained Professional shall not seek payment in a Final Fee Application for any amounts that such Retained Professional previously sought in a Monthly Fee Statement or Interim Fee Application, and which such Retained Professional voluntarily waived or reduced to resolve formal or informal objections or were disallowed by order of the Court.

7. Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (a) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (b) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

8. Each member of the Committee is permitted to submit statements of out-of-pocket expenses incurred in the performance of the duties of the Committee with supporting vouchers to

Committee counsel, and Committee counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures.

9. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: June 07, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**