IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| KALERA INC., | § § § | Case No. 23-90290 (DRJ) |
| Debtor. | § § | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF REID COLLINS & TSAI LLP AS SPECIAL COUNSEL FOR LIMITED PURPOSES,
EFFECTIVE AS OF JUNE 12, 2023**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Unsecured Creditors (the "Committee") of Kalera, Inc. (the "Debtor") hereby submits this application ("Application") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the employment, retention, and compensation of Reid Collins & Tsai LLP ("RCT") as special counsel to the Committee for specific and limited purposes as set forth herein, effective as of June 12, 2023, pursuant to sections 327, 328, 330, and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern

124505.000001  4892-1774-2954.3

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 1

District of Texas (the "Local Rules"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* and the *Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330* (together, the "U.S. Trustee Guidelines"). In support of this Application, the Committee submits (i) the *Declaration of Lisa S. Tsai in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of RCT as Special Counsel for Limited Purposes, Effective as of June 12, 2023* (the "Tsai Declaration"), attached hereto as **Exhibit B**, and (ii) the *Declaration of Masoud Vaghefi in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of RCT as Special Counsel, for Limited Purposes, Effective as of June 12, 2023* (the "Vaghefi Declaration"), attached hereto as **Exhibit C**, both of which are incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The relief requested is consistent with the U.S. Trustee Guidelines. The Committee confirms its consent to the entry of a final order with respect to this Application, if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 327, 328(a), 330, and 1103(a) of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## BACKGROUND

4. On April 4, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On April 19, 2023, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") appointed the Committee, consisting of the following members: (i) Turatti North America, Inc., (ii) House of Plastics Unlimited, (iii) Steven Douglas Associates, LLC, (iv) HP Now Aps, and (v) Aaron Electrical Services. *See* Docket No. 58.

6. On June 5, 2023, the Committee selected RCT as the Committee's special counsel in this case, subject to Court approval. On June 12, 2023 (the "Retention Date"), the Committee, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to section 1103 of the Bankruptcy Code, formally engaged RCT to serve as its special counsel in connection with this chapter 11 case ("Case"), subject to Court approval.

## RELIEF REQUESTED

7. By this Application, the Committee requests entry of the Proposed Order, attached hereto as **Exhibit A**, approving the employment and retention of RCT as its special counsel for

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RCT AS SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 3

the limited purpose of analyzing insurance policies, analyzing certain discovery taken by the Committee, and preparing a demand letter regarding potential claims against directors and officers of the Debtor and any affiliates if recommended by special counsel (the "Potential Defendants").[1] The Committee views this application as part of a two-step process. First, RCT will be hired on an hourly basis to review the information and prepare the demand letter (if RCT recommends doing so). Second, if there is a determination to proceed with litigation, the Committee (or a subsequent litigation trustee) will likely hire counsel on a contingency fee basis to pursue the claim, and RCT will be considered among other firms. The Committee is not seeking authority to retain RCT at this time to prosecute litigation and would file a subsequent application if a decision is made to hire RCT (or another firm) for that purpose. Neither the Committee or RCT has agreed to any terms of employment beyond the limited purpose and engagement discussed above.

8. The terms and conditions of the employment are set forth in that certain engagement letter between the Committee and RCT, effective as of June 12, 2023 (the "Engagement Letter" a true and correct copy of which is attached to Exhibit C), which is the date on which the Committee engaged RCT to serve as its special counsel and the date that RCT began rendering services to the Committee. Subject to the terms set forth herein, the Committee seeks to retain RCT in accordance with RCT's normal hourly rates in effect when services are rendered and normal reimbursement policies subject to Local Rule 2016-1; provided, however, that RCT has agreed not to incur fees and expenses exceeding $10,000 without the express approval of the Committee.

---

[1] Due to certain relationships between the Committee's primary bankruptcy counsel, Dykema Gossett, PLLC ("Dykema"), and certain of the Debtor's insurers, Dykema is not in a position to undertake this engagement.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RCT AS SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 4

## THE RETENTION OF RCT IS WARRANTED

A. **RCT's Experience**

9. The Committee selected RCT because RCT's attorneys possess extensive knowledge and considerable expertise in the fields of bankruptcy litigation, director and officer liability, and fraudulent transfer claims among other qualifications. In addition, RCT's attorneys possess substantial experience appearing before courts in this District and are familiar with local practice and procedure.

10. RCT comprises nearly 40 lawyers who practice in 5 offices throughout the United States. The attorneys at RCT have played significant roles in a wide array of chapter 11 cases across the country, including acting as special counsel for official committees of unsecured creditors.

11. The Committee believes that RCT is well qualified to serve as special counsel in this Case. Further, employment of RCT, effective as of June 12, 2023, is warranted under the circumstances of this Case. Upon its selection, the Committee requested that RCT commence work immediately on time-sensitive matters and devote substantial resources to this Case prior to the submission and approval of this Application. Among other things, RCT was immediately required to begin reviewing certain discovery produced in this Case to the Committee and preparing notice and demand letters concerning potential claims against the Potential Defendants.

12. For these reasons, the Committee believes that RCT possesses the requisite expertise to serve as the Committee's special counsel, and can do so in an efficient and cost-effective manner.

Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and retention of RCT as Special Counsel, Effective as of June 12, 2023

Page 5


**B. SERVICES TO BE PROVIDED**

13. RCT will, in connection with this Case and subject to this Court's orders, provide the following legal services, among others, to the Committee:

   a. analyze certain discovery provided by the Committee's counsel at Dykema Gossett, PLLC in this Chapter 11 Case;

   b. prepare and send a notice and demand letter concerning potential claims against the Potential Defendants; and

   c. perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

14. RCT will coordinate with all other estate professionals, including the Debtor's professionals, the Committee's lead counsel and other appointed committees, if any, to avoid duplication of efforts.

**C. RCT'S RATES AND BILLING PRACTICES**

15. The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by RCT in the Case be paid as administrative expense of the Debtor's estate pursuant to sections 328, 330(a), 331, 503(b), and 507(a) of the Bankruptcy Code. Subject to the Court's approval, RCT will charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered; provided, however, that RCT will not incur more than $10,000 in fees and expenses without the express permission of the Committee.

16. RCT intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any further orders of this Court for all services performed and expenses incurred since June 12, 2023.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RCT AS SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 6

17.     The primary attorneys and paraprofessionals that will work on this representation and their respective hourly rates for this matter are as follows:

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| Lisa Tsai | Partner | $1,150 |
| Jeremy Wells | Partner | $750 |
| Dylan Jones | Associate | $675 |

18.     Other attorneys and paraprofessionals may render services to the Committee as needed.

19.     Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain RCT on reasonable terms and conditions.  The hourly rates set forth above are the firm's standard hourly rates for work of this nature.  The firm's standard rates are set at a level designed to compensate the firm fairly for work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

20.     RCT has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of RCT's business.  In the event of any such increase, RCT will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court.  Any Supplemental Affidavit will explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code.  Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, RCT will provide justification of the reasonableness of any rate increase.

21.     In addition, it is RCT's policy to charge its clients in all areas of practice for all other expenses incurred related to the representation. The expenses charged to clients may include,

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RCT AS SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 7

among other things, discovery, depositions, travel, expert witnesses, expert consultants, trial consultants, local counsel, litigation management services, document or ESI consultants, document collection, storage, and hosting services, investigators, mediators, filing fees, photocopying and other document-related services, postage, facsimiles, long-distance telephone calls, delivery services, legal research databases, and other expenses reasonably incurred in the representation. RCT will charge the Debtor for expenses in a manner and at rates consistent with charges made generally to RCT's other clients and consistent with this Court's rules and the applicable U.S. Trustee Guidelines. RCT has advised the Committee that it will charge all costs and expenses in accordance, and only to the extent consistent, with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

22. RCT did not receive any retainer from the Debtor, the Committee, or any other entity in this Case. Other than as set forth herein, there is no proposed arrangement to compensate RCT. Pursuant to Bankruptcy Rule 2016(b), RCT has not shared or agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the partners, counsels, associates, and contract attorneys associated with RCT, or (ii) any compensation another person or party has received or may receive.

23. The Committee believes the compensation arrangements with RCT are consistent with and typical of arrangements entered by RCT and other law firms with respect to rendering similar services for clients such as the Committee.

24. RCT's compliance with the requirements of Bankruptcy Code sections 327, 328, 330, and 504 and Bankruptcy Rule 2014 is further set forth in detail in the Tsai Declaration.

25. Attached to **Exhibit C** is RCT's Engagement Agreement with the Committee.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RCT AS SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 8

**D. RCT'S DISINTERESTEDNESS AND DISCLOSURE CONCERNING CONFLICTS OF INTEREST**

26. Based upon the Tsai Declaration annexed hereto, the Committee is satisfied that (i) RCT is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and represents no interest adverse to the Committee, the Debtor, its estate, or any other party in interest in the matters upon which it is to be engaged, (ii) RCT has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, except as otherwise disclosed in the Tsai Declaration, and (iii) RCT has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, RCT has no connection with creditors or any other party-in-interest except as otherwise noted in the Tsai Declaration.

27. As described in the Tsai Declaration, RCT analyzed the list of interested persons and entities annexed to the Debtor's retention applications and ran the list of relevant parties in interest included on **Schedule 1** to the Tsai Declaration through its conflicts system consistent with the U.S. Trustee's requirements. RCT does not represent, or have any other connection with, any of the parties in interest listed on **Schedule 1** to the Tsai Declaration, except as set forth below and in the Tsai Declaration. While employed by the Committee, RCT will not represent any entity having an adverse interest to the Committee in connection with this Case.

28. RCT's conflict search resulted in the disclosures set forth in the Tsai Declaration. The Committee is aware that RCT has, in the past, been adverse to certain interested parties in matters wholly unrelated to Case, as further identified in the Tsai Declaration.

29. RCT does not and will not represent any such interested parties in any matter related to the Debtor. The Committee and RCT believe that neither a potential nor an actual conflict of interest exists regarding RCT's representation of the Committee as a result of the foregoing

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RCT AS SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 9

connections. The foregoing connections, however, are disclosed to provide the Court and other parties in interest an opportunity to make their own independent determination. If any such potential conflicts arise and if ethical or business considerations advise against RCT undertaking such representation, then separate counsel will handle those matters.

30. Except as described above and in the Tsai Declaration, RCT is not aware of any other connections with the Debtor, creditors, any other parties in interest, their respective attorneys and accountant, the United States Trustee, or any person employed in the Office of the United States Trustee. Should RCT identify any other connections in the future, the Committee and RCT will supplement this Application and the Tsai Declaration as appropriate.

E.  **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

31. RCT shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. RCT also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by RCT in this case.

**NOTICE AND NO PRIOR REQUEST**

32. Notice of this Application is being served on the Debtor's current Master Service List, including: (a) counsel for the Debtor; (b) the office of the U.S. Trustee for the Southern District of Texas; (c) counsel to the DIP Lender, Sandton Capital, (d) the Internal Revenue Service;

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RCT AS SPECIAL COUNSEL, EFFECTIVE AS OF JUNE 12, 2023

PAGE 10

and (f) all parties in interest who have formally appeared and requested notice. The Committee respectfully submits that no further notice of this Application is required.

33. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Committee to retain and employ RCT as special counsel, effective as of June 12, 2023, and (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated:  June 26, 2023

          Respectfully submitted,

          THE OFFICIAL COMMITTEE OF UNSECURED
          CREDITORS OF KALERA, INC.


          By: */s/ Masoud Vaghefi*
               Masoud Vaghefi
               National Sales Manager, Turatti North America

          Chair of the Official Committee of Unsecured Creditors of Kalera, Inc.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of June 2023, the foregoing *Application* was filed with the Court and served (i) via the Court's CM/ECF system to all of the parties registered to receive such notice and (ii) on all parties listed on the attached master service list.

          */s/ Basil A. Umari*
          Basil A. Umari