IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| KALERA INC., | § § § | Case No. 23-90290 (DRJ) |
| Debtor. | § § | |

**DECLARATION OF LISA S. TSAI IN SUPPORT OF
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF REID COLLINS & TSAI LLP
<u>AS SPECIAL COUNSEL, FOR LIMITED PURPOSES, EFFECTIVE AS OF JUNE 12, 2023</u>**

I, Lisa S. Tsai, do state and declare as follows:

1.      I am over the age of 21, of sound mind, and am competent to testify to all the matters set forth below.  Pursuant to sections 328 and 1103 of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, I submit this declaration (the "<u>Declaration</u>") in support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Reid Collins & Tsai LLP as Special Counsel, For Limited Purposes, Effective as of June 12, 2023* (the "<u>Application</u>"), filed contemporaneously herewith in this Case.[1] The matters stated in this Declaration are within my personal knowledge.  If I were called as a witness, I could and would testify competently to the factual statements set forth herein. To the extent that information disclosed herein requires supplementation, amendment, or modification upon RCT's completion of further analysis or as

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

124505.000001 4895-0525-0154.2 UMARI DECLARATION IN SUPPORT OF APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF RCT GOSSETT, PLLC.

PAGE 1

additional information become available to it, a supplemental declaration will be filed with the Court.

2.  I am an attorney licensed to practice law in the State of Texas and have been a member in good standing of the Texas Bar since 2004. I am also admitted to practice in the Northern, Southern, Eastern, and Western Districts of Texas, the Northern, Central, and Southern Districts of California, the Fifth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals.

3.  I am managing partner at the law firm of Reid Collins & Tsai LLP (the "<u>Firm</u>" or "<u>RCT</u>"). My office address is 1301 S Capital of Texas Hwy, Suite C300, Austin, Texas 78746, telephone: (512) 647-6100, and e-mail: ltsai@reidcollins.com. My Texas State Bar Number is 24046999.

4.  On June 12, 2023, the Committee retained RCT as its special counsel, subject to Court approval. RCT began rendering services to the Committee immediately following its selection by the Committee.

5.  RCT comprises nearly 40 lawyers who practice in 5 offices throughout the United States. The attorneys at RCT have played significant roles in a wide array of chapter 11 cases across the country, including acting as special counsel for official committees of unsecured creditors.

6.  Pursuant to section 327 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, I make this declaration in support of the Application.

## I. <u>GENERAL STATEMENT</u>

7.  Neither I, the Firm, nor any member, senior counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any

person employed in the Office of the United States Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of Texas, except as set forth herein. Additionally, we are "disinterested persons" pursuant to 11 U.S.C. § 101(14), and hold no actual or potential conflicts, subject to the disclosures in section III below. Described in section III are all presently known connections and relationships between RCT, on the one hand, and the Debtor, the Debtor's creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee on the other hand. In preparing this Declaration, RCT performed a review of the connections and relationships between RCT and certain creditors of the Debtor and other parties in interest. RCT is continuing to review conflicts. To the extent that I become aware of any additional relationships, I will promptly file a supplemental declaration. RCT will implement appropriate internal procedures to protect the interests of the Debtor in connection with the representations and relationships described below.

## II. SEARCH METHODS

8. The Firm has made the following investigation of its connections prior to submitting this Declaration. We have utilized RCT's conflicts database management system (the "System"), which is designed to reveal the potential for conflicts of interest and other connections to existing and former clients and to many thousands of third parties RCT never represented. An employee of the Firm, under my supervision, entered the names of the parties provided by the Debtor through the Firm's System. The parties entered in the Firm's System with respect to the

PAGE 3

Firm's conflicts check in this Case are set forth on Schedule 1 attached hereto (the "Potential Parties in Interest").[2]

9. Such results have been reviewed by me. Where any question arose, I contacted the appropriate members of RCT shown on the System report as having previously submitted relevant connections information to the System. We have also researched relevant "hits" for the information set forth above. From such attorneys and these databases, we have obtained information and guidance with regard to the particular connections reflected. We have completed that analysis, and the results are discussed below. To the extent our search indicated RCT currently has or previously had a relationship with any of the Potential Parties in Interest, the identities of such parties and RCT's relationships with such parties are set forth below. Each of the representations is wholly unrelated to the Debtor and its Case.

10. Nevertheless, as expected, while the searches revealed no actual conflicts of interest with regard to RCT's anticipated representation of the Committee, there were several "hits" that required further review and explanation. These "hits" are explained in the paragraph below. Each of the connections described is a situation where RCT was adverse to a Potential Party in Interest. Nevertheless, each relationship constitutes a "connection" that we feel should be disclosed for these purposes. RCT does not believe that a potential or actual conflict of interest exists currently with respect to its representation of the Committee and any of the current or past representations described herein.

---

[2] Schedule 1 includes the list of potential parties in interest identified by the Debtor and utilized in the employment application of its counsel, as well as certain insurers of the Debtor's directors and officers.

### III. THE CONNECTIONS CURRENTLY KNOWN TO RCT

11. RCT represents that, to the best of its knowledge, except as disclosed below, RCT knows of no fact or situation that would represent a potential or actual conflict of interest for RCT with regard to the Committee at this time. RCT makes the following disclosures.

   a. RCT has in the past been adverse to PNC Bank, FTI Consulting, Greenberg Traurig, Grant Thornton LLP, and Lacy Industrial.

   b. RCT has worked on various matters where an FTI Consulting or Grant Thornton professional was RCT's client representative or expert.

12. To the best of my knowledge, information, and belief after reasonable inquiry, RCT is disinterested withing the meaning of section 101(14) of the Bankruptcy Code, in that neither I, RCT, nor any of its members, partners, special counsel or associates:

   (a) are creditors, equity security holder, or insiders of the Debtor;

   (b) are or within two years before the Petition Date were, a director, officer, or employee of the Debtor; or

   (c) have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason.

13. It is possible that RCT may have represented or may continue to represent creditors or interest holders of the Debtor in wholly unrelated matters from time to time, but RCT is not representing and will not represent any such persons in this Case. To the extent RCT becomes aware of such representation, RCT will file a supplement to this Declaration.

14. As part of its practice, RCT appears in many cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or in the future may represent claimants and parties in interest in this Case. I have advised the Committee that RCT has not and will not represent any such entities in relation to the Debtor's Case and that RCT does not have any relationship with any such entities

that would be adverse to the Committee or its interests in the matters upon which RCT is to be employed.

15. RCT has not received a retainer in this Case. RCT will represent no entity other than the Committee in this chapter 11 case.

16. RCT recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in- interest to the Debtor's bankruptcy estate as they appear or become recognized during the Case. Accordingly, we reserve the right to, and shall supplement this disclosure if necessary as more information becomes available to us.

### IV. COMPENSATION

17. The Committee understands that RCT intends to seek compensation for professional services rendered in connection with the Debtor's case, subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to RCT on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, plus reimbursement of actual, necessary expenses incurred by RCT; provided, however, that RCT will not incur more than $10,000 in fees and expenses without the express permission of the Committee. Below are the primary attorneys and paraprofessional within RCT who will represent the Committee and their respective hourly rates:

| Name | Title | Hourly Rate |
|---|---|---|
| Lisa S. Tsai | Partner | $1,150 |
| Jeremy Wells | Partner | $750 |
| Dylan Jones | Associate | $675 |

18. From time to time, other attorneys and paralegals from RCT may serve the Committee in connection with the matter.

19. RCT has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of RCT's business. In the event of any such increase, RCT will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "<u>Supplemental Affidavit</u>") with the Court. Any Supplemental Affidavit will explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code. Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, RCT will provide justification of the reasonableness of any rate increase.

20. It is RCT's policy, in all areas of practice, to charge its clients for additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, discovery, depositions, travel, expert witness, expert consultants, trial consultants, local counsel, litigation management services, document or ESI consultants, document collection, storage, and hosting service, investigators, mediators, filing fees, photocopying and other document-related services, postage, facsimiles, long-distance telephone calls, delivery services, legal research databases, and other expenses reasonably incurred in the representation. RCT will charge the Committee for expenses in a manner and at rates consistent with charges made generally to RCT's other clients and consistent with this Court's rules and the applicable U.S. Trustee guidelines. RCT has advised the Committee that it will charge all costs and expenses in accordance, and only to the extent consistent, with the Bankruptcy code, the Bankruptcy Rule, the Local Rules, and the U.S. Trustee Guidelines.

21. No agreement exists, nor will any be made, to share any compensation received by RCT for its services of behalf of the Committee with any other person or firm.

22. The foregoing constitutes the verified statement of the person to be employed, required under Bankruptcy Rule 2014.

## V.     STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

23. In 2013, the Executive Office for the United States Trustee ("EOUST") adopted the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines"). By their terms, the Appendix B Guidelines "apply to the [U.S. Trustee's] review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330, adopted by the EOUST in 1996 (the "Appendix A Guidelines" and, together with the Appendix B Guidelines, the "U.S. Trustee Guidelines"). RCT will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee's Guidelines, both in connection with the Application and the interim and final fee applications to be filed by RCT in the Chapter 11 Case.

## VI.     ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

The following is provided in response to the request for additional information set forth in ¶ D.1 of the Appendix B Guidelines.

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Answer**: No.

**Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Answer**: No.

**Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments for the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

**Answer**: RCT did not represent the Committee in the 12-month period immediately prior to the Petition Date.

**Question**: Has your client approved your prospective budget and staffing plan and, if so, for what budget period?

**Answer**: Yes. The Committee has negotiated a budget with a cap at $10,000 without prior express consent from the Committee. The Committee has approved a staffing plan under which the primary attorneys who will work on the matter are: Lisa Tsai, Jeremy Wells, and Dylan Jones.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury on this 26th day of June 2023 that the foregoing statements are true and correct.

By:  /s/ Lisa. S. Tsai  
Lisa S. Tsai