United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| KALERA INC.,[1] | CASE NO.: 23-90290 (DRJ) |
| Debtor. | |
| | (Docket No. 148) |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(I) ESTABLISHING THE DEADLINE FOR FILING REQUESTS FOR PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING CLAIMS UNDER
SECTION 503(B)(9) OF THE BANKRUPTCY CODE, (II) APPROVING
NOTICE OF BAR DATE, AND (III) GRANTING RELATED RELIEF**

Came on for consideration on this 26th day of June 2023 the motion (the "**Motion**")[2] filed by Kalera, Inc., as Debtor and Debtor-In-Possession (the "**Debtor**"), for the entry of an order (i) setting **July 21, 2023 at 5:00 p.m.** (prevailing Central Time) as the bar date for filing requests for payment of administrative expenses, including claims under section 503(b)(9) of the Bankruptcy Code ("**Administrative Expense Claims**"), (ii) approving the form of notice of the bar date (the "**Notice**") attached hereto as **Exhibit 1** and manner for filing Administrative Expense Requests; and (iii) granting related relief.

The Court has considered the Motion and the exhibits attached thereto, or set forth herein, finds it appropriate to grant the Motion as set forth herein. Accordingly,

IT IS HEREBY ORDERED THAT:

---

[1] The last four digits of the Debtor's federal tax identification number is 7838. The Debtor's mailing address is Kalera, Inc., Gateway Business Center 23, 18000 East 40th Avenue, Aurora, CO 80011.

[2] Terms capitalized but not defined herein shall have the meaning defined in the Motion.

4867-2742-3082.1

1.	Except for governmental units and certain other exceptions explicitly set forth in this Order, each entity that asserts an Administrative Expense Claim shall be required to file an Administrative Expense Request with the Court so that they are actually received by the Court on or before **July 21, 2023 at 5:00 p.m.** (prevailing Central Time) (the "**Administrative Expense Bar Date**") at the address and in the form set forth herein.

2.	If Administrative Expense Requests are not received by the Administrative Expense Bar Date, except in the case of certain exceptions explicitly set forth in this Order, the holders of the underlying Administrative Expense Claims shall be forever barred, estopped and enjoined from asserting such claims against the Debtor and its estate and precluded from voting on any chapter 11 plan filed in the Chapter 11 Case, receiving distributions from the Debtor on account of such Administrative Expense Claims in the Chapter 11 Case, or receiving further notices regarding such Administrative Expense Claims. The Debtor and its estate will be discharged from any and all indebtedness or liability with respect to any such claim that is not timely filed.

3.	The Administrative Expense Bar Date shall not apply to: (a) Administrative Expense Claims incurred and paid in full by the Debtor in the ordinary course of business on and after the Petition Date; (b) fees payable by the Debtor pursuant to 28 U.S.C. § 1930 or any interest accruing thereto; (c) any party that has filed a motion in the Chapter 11 Case seeking allowance of its Administrative Expense Claim; (d) any Administrative Expense Claim granted to the Prepetition Secured Lenders and the DIP Secured Parties[3] under the *Final Order (I) Authorizing*

---

[3] The terms Prepetition Secured Lenders and DIP Secured Parties have the meaning given them in the DIP Financing Order.

4867-2742-3082.1

*Kalera, Inc. to Obtain Postpetition Secured Financing (II) Granting Liens and Providing Superpriority Administrative Expenses Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* (Doc. No. 129) (the "**DIP Financing Order**"); and (e) persons retained in the Chapter 11 Case by (i) the Debtor or (ii) the Committee.

4. Administrative Expense Requests must be: (a) filed as a separate motion or application; (b) set forth with specificity the legal and factual basis for the Administrative Expense Claim; and (c) include attachments with any supporting documentation the holder relies upon to support its Administrative Expense Request. In addition, claimants asserting section 503(b)(9) claims must include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date and attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).[4]

5. To submit an Administrative Expense Request, the claimant must file it, along with supporting documentation, with the Court so as to be actually received by the Court on or before the Administrative Expense Bar Date by electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov).

6. On or as soon as is reasonably practicable after entry of this Order, BMC Group, Inc., the Debtor's claims and noticing agent, shall serve the Notice on all known creditors of the Debtor and its estate, all parties who have requested notice in the Debtor's case, and all other parties-in-interest. After the initial mailing of the Notice, the Debtor, through BMC Group, Inc., may, in its discretion, make supplemental mailings of the Notice, including in the event that: (a)

---

[4] For the avoidance of doubt, this Order does not amend or modify the General Bar Date Notices.

4867-2742-3082.1

Notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along the Notice to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known after the initial mailing, or emailing, of the Notice. The Debtor or BMC Group, Inc. may make supplemental mailings of the Notice in these and similar circumstances at any time up to 21 days in advance of the Administrative Expense Bar Date, with any such mailings or email being deemed timely and the Administrative Expense Bar Date being applicable to the recipient creditors.

7. This Order and the Bar Date Notice shall be prominently displayed on the Debtor's informational website: https://cases.creditorinfo.com/kalera.

8. Notice of the Administrative Expense Bar Date as set forth in this Order and in the manner set forth herein (including, for the avoidance of doubt, any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of the Administrative Expense Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4867-2742-3082.1

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: June 26, 2023.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

4867-2742-3082.1

# EXHIBIT 1

**PROPOSED BAR DATE NOTICE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**KALERA INC.,**[5]<br><br>  Debtor. | CHAPTER 11<br><br>CASE NO.: 23-90290 (DRJ) |

**NOTICE OF DEADLINE FOR THE FILING OF
REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES
PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE**

**TO:**  All persons and entities who may have administrative expense claims, including section 503(b)(9) claims, against the following entity (the "**Debtor**"):

**KALERA, INC.**

PLEASE TAKE NOTICE that on April 4, 2023 (the "**Petition Date**"), the above-listed Debtor filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

PLEASE TAKE FURTHER NOTICE that on [_____], 2023, the Court entered an order (the "**Order**")[2] establishing **July 10, 2023, at 5:00 p.m. (prevailing Central Time)** as the deadline (the "**Administrative Expense Bar Date**") by which parties holding administrative expense claims, including prepetition claims pursuant to section 503(b)(9) of the Bankruptcy Code, must file claims ("**Administrative Expense Requests**"). Administrative expense claims, for purposes of this Notice, shall include any asserted expense or claim seeking, pursuant to sections 503 and 507(a)(2) of the Bankruptcy Code, a higher or superior priority than that of a general unsecured creditor. Any party asserting a claim with a higher or superior priority than that of a general unsecured claim may lose the priority of their claim if they fail to comply with the Order, even if the claim is not yet matured, is contingent or is unliquidated.

PLEASE TAKE FURTHER NOTICE that the Administrative Expense Bar Date **shall not apply to**: (a) Administrative Expense Claims incurred and paid in full by the Debtor in the ordinary course of business on and after the Petition Date; (b) fees payable by the Debtor pursuant to 28 U.S.C. § 1930 or any interest accruing thereto; (c) any party that has filed a motion in the Chapter 11 Case seeking allowance of its Administrative Expense Claim; (d) any Administrative Expense

---

[5] The last four digits of the Debtor's federal tax identification number is 7838. The Debtor's mailing address is Kalera, Inc., Gateway Business Center 23, 18000 East 40th Avenue, Aurora, CO 80011.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

4867-2742-3082.1

Claim granted to the Prepetition Secured Lenders and the DIP Secured Parties[6] under the *Final Order (I) Authorizing Kalera, Inc. to Obtain Postpetition Secured Financing (II) Granting Liens and Providing Superpriority Administrative Expenses Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* (Doc. No. 129) (the "**DIP Financing Order**"); and (e) persons retained in the Chapter 11 Case by (i) the Debtor or (ii) the Committee.

PLEASE TAKE FURTHER NOTICE that to be considered properly asserted and filed each Administrative Expense Request must be: (a) filed as a separate motion or application; (b) set forth with specificity the legal and factual basis for the Administrative Expense Claim; and (c) include attachments with any supporting documentation the holder relies upon to support its Administrative Expense Request. In addition, claimants asserting section 503(b)(9) claims must include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date and attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).[7]

PLEASE TAKE FURTHER NOTICE that each Administrative Expense Request must be filed so as to be actually received by the Court on or before the Administrative Expense Bar Date by electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov). Proofs of claim submitted by facsimile or electronic mail will not be accepted.

PLEASE TAKE FURTHER NOTICE that if any party or entity is required, but fails, to file an Administrative Expense Claim in accordance with the Order on or before the Administrative Expense Bar Date that: (a) the claimant will be forever barred, estopped and enjoined from asserting such claim against the Debtor (or filing an administrative expense claim or request with respect thereto); (b) the Debtor, the estates and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim; (c) the claimant will not receive any distribution in the Chapter 11 Case on account of that claim; and (d) the claimant will not be permitted to vote on any chapter 11 plan for the Debtor on account of the barred claim or receive further notices regarding such claim.

PLEASE TAKE FURTHER NOTICE that the Debtor expressly reserves the right to object to any Administrative Expense Requests filed, or to be filed, against the Debtor's estate on any and all grounds.

PLEASE TAKE FURTHER NOTICE that copies of the Order, and other pleadings, orders, and notices, and other information regarding the Chapter 11 Case are available free of charge on the Debtor's informational website at https://cases.creditorinfo.com/kalera. Filings in the Chapter 11 Case also are available for a fee at the Court's website at https://www.txs.uscourts.gov. A login identification and password to the Court's PACER site are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.gov. Documents filed in the Chapter 11 Case also may be examined between the hours of 8:00 a.m. and 5:00 p.m.

---

[6] The terms Prepetition Secured Lenders and DIP Secured Parties have the meaning given them in the DIP Financing Order.

[7] For the avoidance of doubt, the Order did not amend or modify the General Bar Date Notices.

4867-2742-3082.1

(prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of an Administrative Expense Request, you may contact BMC Group, Inc. at the following toll-free telephone number: 1-888-909-0100.

> **A HOLDER OF A POSSIBLE ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE AN ADMINISTRATIVE EXPENSE REQUEST.**